SUMMARY ORDER

Petitioner-Appellant ISC Holding AG (“ISC Holding”) appeals from an April 3, 2009 memorandum and order of the district court denying its petition to compel arbitration pursuant to the Asset Management Facilitation Agreement (“AMFA”), a purported agreement between ISC Holding and Respondent-Appellee Nobel Biocare Investments N.V. (“Nobel Biocare”) dated January 21, 2008. The district court found that because the dispute could not be arbitrated before the American Arbitration Association, and because the AMFA’s alternative specification that disputes could be resolved in “any other U.S. court” meant a judicial court in the United States, the agreement was not an enforceable agreement to arbitrate. Because we find that the clause purporting to bind the parties to submit disputes “to binding arbitration through The American Arbitration Association or to any other U.S. court” is ambiguous, we vacate and remand. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of the issues on appeal.
We review de novo a district court’s denial of a motion to compel arbitration. Arciniaga v. General Motors Corp., 460 F.3d 231, 234 (2d Cir.2006); Jacobs v. USA Track & Field, 374 F.3d 85, 88 (2d Cir.2004).
We have held that “arbitration is a matter of contract, and ... parties cannot be compelled to arbitrate issues that they have not specifically agreed to submit to arbitration.” Shaw Group Inc. v. Triplefine Int’l Corp., 322 F.3d 115, 120 (2d Cir.2003) (internal citations and quotation marks omitted). Thus, “[njotwithstanding the strong federal policy favoring arbitration as an alternative means of dispute resolution,” we will “treat agreements to arbitrate like any other contract.” U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., 241 F.3d 135, 146 (2d Cir.2001). Without a meeting of the minds such that an enforceable agreement to arbitrate was formed, we will not compel arbitration. Dreyfuss v. Etelecare Global Solutions-US Inc., 349 Fed.Appx. 551, 2009 WL 3004111, at *3 (2d Cir.2009).
Under “familiar rules of contract interpretation,” when “an agreement is clear and complete,” its meaning “is determined by reference only to the contract’s terms.” JA Apparel Corp. v. Abboud, 568 F.3d 390, 404 (2d Cir.2009) (Sack, J., concurring) (internal quotation marks omitted) (applying New York contract law). However, “[w]hen a contract term is reasonably susceptible to more than one interpretation ... it is ambiguous as to the parties’ intent.” Id. (internal quotation marks omitted). A word or phrase in a contract is ambiguous when it is “capable *482 of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.” Hugo Boss Fashions, Inc. v. Fed. Ins. Co., 252 F.3d 608, 617 (2d Cir.2001) (internal quotation marks omitted) (applying New York contract law).
 “The objective of contract interpretation is to give effect to the expressed intentions of the parties.” Record Club of Am., Inc. v. United Artists Records, Inc., 890 F.2d 1264, 1271 (2d Cir.1989) (applying New York contract law). When “the contract language creates ambiguity, extrinsic evidence as to the parties’ intent may properly be considered.” JA Apparel Corp., 568 F.3d at 397. See also 11 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 30:7 (4th ed. 1999) (“Where a written contract is ambiguous, a factual question is presented as to the meaning of its provisions, requiring a factual determination as to the intent of parties in entering the contract. Thus, the fact finder must interpret the contract’s terms, in light of the apparent purpose of the contract as a whole, the rules of contract construction, and extrinsic evidence of intent and meaning.”)[1]
The purported arbitration clause in the contract at issue reads:
22. Arbitration:[2] In the event of disputes concerning any aspect of the Agreement, including claim of breach, remedy shall first be sought by communication between parties. If such communication fails to resolve the dispute then the parties agree in advance to have the dispute submitted to binding arbitration through The American Arbitration Association or to any other U.S. court. The prevailing party shall be entitled to attorney’s fees and costs. The arbitration may be entered as a judgment in any court of competent jurisdiction. The arbitration shall be conducted based upon the Rules and Regulations of the International Chamber of Commerce (ICC 500).
Based on this clause, ISC Holding argues that Nobel Biocare agreed to arbitrate any dispute arising pursuant to the purported contract at issue. It urges us to interpret the phrase “any other U.S. court” to mean a court of arbitration and to hold that the agreement binds Nobel Biocare to arbitrate the present dispute. Nobel Biocare instead contends that even if it had entered into the AMFA and this agreement were otherwise binding — which Nobel Bio-care says it is not — “any other U.S. court” may be reasonably interpreted only to mean a judicial court in the United States. It asks us to affirm the district court.
We find that it is not clear from the text of the purported contract, considering the agreement as a whole, whether “any other U.S. court” refers to, as ISC Holding contends, a court of arbitration or, as Nobel Biocare maintains, a judicial court. The use of the word “other” implies that “US court” is related to its antecedent, “The American Arbitration Association.” However, it is also true that, as the district court found, a “US court” is *483 not necessarily a “US arbitral court.” Although “court” is used elsewhere in the agreement, it does not resolve this ambiguity. We therefore find that the purported arbitration clause at issue is ambiguous and, accordingly, vacate and remand to the district court for further proceedings consistent with this order. We leave Nobel Biocare’s alternative argument regarding personal jurisdiction to be resolved by the district court in the first instance.
For the foregoing reasons, the judgment of the district court is hereby VACATED and REMANDED for proceedings consistent with this order.

. To the extent that Swiss law applies to the dispute over the enforceability of the purported arbitration clause, our analysis would not change. Nobel Biocare has asserted, and ISC Holding has not contested, that "Swiss law principles of contract interpretation are similar to principles of contract interpretation under New York law.”

. The contract specifies that paragraph “headings are not part of this Agreement and shall not be used in the interpretation of this Agreement.”